UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ERNESTO VENANCIO GUINEA,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

        -against-

GARRIDO FOOD CORP. d/b/a IDEAL
FOOD BASKET and ANDRES
FERREIRA, Jointly and Severally,

                    Defendants.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-5860 (BMC)

**COGAN**, District Judge.

      Plaintiff alleges that from approximately February 2011 to March 19, 2019, he was a grocery worker for the defendant corporation, Garrido Food, and that the company is owned or operated by the individual defendant, Andres Ferreira. He claims that defendants failed to pay him a minimum wage for some work periods, and never paid him overtime and spread-of-hours pay, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, or corresponding provisions of the New York State Labor Law ("NYLL"), §§ 190 and 650 *et seq.* The Clerk has entered a default based on both defendants' failure to answer, and before me is plaintiff's motion for a default judgment. The motion is granted.

## BACKGROUND

      According to his complaint and affidavit in support of his motion for a default judgment, plaintiff performed a variety of duties for defendants. He worked primarily as a butcher in the meat department, but he also performed stock and janitorial services. He has more than

adequately established that Ferreira had the power to hire, fire, supervise, and set and pay plaintiff's wages.

Plaintiff has averred with specificity the hours that he worked and the salary he received at each relevant period of time from his commencement of employment. To summarize, from 2011 through 2017, he worked six days per week at eleven hours per day for 66 hours per week. Starting in 2014 and continuing into 2016, he would stay late and do cleaning and other work three days per week for about three hours per night, which brought him up to about 75 hours per week. During 2017 and through most or all of 2018, he worked sixty hours per week, consisting of ten-hour days. In 2019, he worked about 51 hours per week. Even though he rarely took breaks, defendants deducted one hour from his daily wages for breaks.

For this work, plaintiff received a flat weekly salary in cash, starting at $280 per week and ultimately increasing to $420 per week by 2018. In 2019, he was paid $15 per hour for every hour worked, regardless of whether it was more or less than 40 hours per work, and it was always more than 40 hours per week. He never received any overtime or spread-of-hours payments, and he was never given any paystub or wage statements.

## DISCUSSION

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a

reasonable certainty, his entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages, see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

There is no need for an inquest here. Plaintiff's affidavit constitutes adequate proof of the time that he has worked at his escalating salary, and his attorney has taken that narrative and created a spreadsheet showing each element of damages recoverable, taking into account the different minimum wage levels throughout the employment period and plaintiff's varying hours and wages. The total amount claimed is $232,539.36 consisting of unpaid minimum wages, overtime, and spread-of-hours pay ($111,269.68); liquidated damages under both the FLSA and the Labor Law, $44,734.07 and $66,535.61, respectively; and damages for the failure to provide the Labor Law wage notices and statements ($10,000). However, plaintiff's request for liquidated damages under both the FLSA and the Labor Law is incorrect; the Second Circuit has held that only one statute may be used. See Rana v. Islam, 887 F.3d 118, 122-23 (2d Cir. 2018). I am therefore deducting $44,734.07 as FLSA liquidated damages since the Labor Law liquidated damages are higher.

Plaintiff has also requested attorneys' fees in the amount of $13,938.37. This amount consists of 56.35 hours of attorney time, billed at a rate of $350-$450 per hour for partner time, $250-$300 per hour for associate time, and $125-$175 per hour for paralegal time covering the remainder. These rates are reasonable and consistent with rates allowed in this district. Perhaps the top paralegal rate seems a bit high, but that paralegal is a foreign certified lawyer who

assisted with Spanish translation services for plaintiff as well.  In addition, I am very familiar with the practices of plaintiff's counsel's firm from prior cases and have found the firm to be one of the preeminent wage litigation practices in this district.  It is therefore not surprising that both the amount of time and the claimed hourly rates are reasonable considering the high quality of the work. The claimed costs of $640.40, consisting of the filing fee, process server fee, and mailing costs, are also reasonable.

## CONCLUSION

Plaintiff's motion for a default judgment [11] is granted.  The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $187,805.29 in damages, plus $13,938.37 in attorneys' fees and $640.40 in out-of-pocket costs, for a total of $202,384.06.

**SO ORDERED.**

                                                                   U.S.D.J.

Dated:  Brooklyn, New York
       January 11, 2020